[No. 20,028. Department One.—December 15, 1884.]

THE PEOPLE, RESPONDENT, v. RAMON VILLARINO, APPELLANT.

CRIMINAL LAW—ASSAULT WITH INTENT TO MURDER—SUFFICIENCY OF INFORMATION.—An information charging a defendant with having made a felonious assault with a deadly weapon, to wit, a loaded pistol, with intent to kill and murder, and containing proper averments as to time and place, sufficiently states the offense of an assault with intent to commit murder.

ID.—ARRAIGNMENT—ASSIGNMENT OF COUNSEL.—An arraignment is not void because of an omission on the part of the court to inform the defendant, before his plea of not guilty, of his right to have counsel assigned him, if such duty was performed during the arraignment.

ID.—WITHDRAWAL OF PLEA.—Where a defendant, without counsel on his arraignment, pleads not guilty, he is not thereby deprived of his statutory right to demur, or to move to set aside the information, when counsel has been assigned him ; but a failure to apply to the court for leave to withdraw the plea for such purpose is a waiver of all irregularities in the proceedings before the arraignment and plea.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order refusing a new trial, and an order refusing to arrest the judgment.

The facts are stated in the opinion of the court.

*John M. Lucas*, for Appellant.

*Attorney General Marshall*, for Respondent.

McKEE, J.—1. The information laid against the defendant charged him with having feloniously assaulted one Raphael Soto with a deadly weapon, to wit, a loaded pistol, with intent to kill and murder him, the said Soto. This, in connection with the averments of time and place, which are properly pleaded, constituted a sufficient statement of the offense charged (*People* v. *Jacobs*, 29 Cal. 579 ; *People* v. *Congleton*, 44 Cal. 93 ; *People* v. *Lightner*, 49 Cal. 226 ; *People* v. *Lewis*, 61 Cal. 366), and as in other respects the information conformed to the requirements of §§ 950, 951 and 952, Penal Code, it was legally sufficient.

II. The arraignment was not void. All the proceedings necessary to constitute a valid arraignment were taken by the clerk of the court, under the direction of the court, and in accordance with the provisions of sections 988 and 989, Penal Code. But it is insisted that the arraignment was void, because when the defendant, who was without counsel, was brought from prison to the bar of the court for arraignment, the court omitted to inform him of his right to counsel, or to assign counsel to defend him, if he was unable to employ one. Undoubtedly, that duty was imposed on the court by section 987, Penal Code, and the duty was not performed before the commencement of the proceedings of arraignment; but it was performed in the course of the arraignment. For the record shows that when the defendant, on his arraignment, answered " not guilty " to the question, asked by the clerk of the court, whether he pleaded guilty or not guilty, the court then asked him whether he had counsel or wanted the assistance of one, and the defendant answered that he had no counsel, and was unable to employ any. The duty was therefore performed ; and, although it was not performed at the right time, yet that did not affect the validity of the arraignment nor render it void; nor was the defendant thereby deprived of any substantial right, for the record shows that he appeared by counsel in all the subsequent proceedings.

The fact that the defendant, without counsel, on his arraignment, pleaded not guilty, did not deprive him of his statutory right to demur, or to move to set aside the information. Even after his plea was entered, he had the right, at any time before trial, to apply to the court for leave to withdraw his plea, for the purpose of demurring or moving to set aside the information. (*People* v. *McCrory*, 41 Cal. 458.) But he did not apply ; and as his counsel went to trial on the plea entered by the defendant, it must be held that all irregularities in the proceedings before the arraignment and plea were waived. Any statutory objections to an information, or any defects apparent upon its face, cannot, after a plea of not guilty, be availed of on the trial, nor on a motion for a new trial, nor on a motion in arrest of judgment. It is only a want of jurisdiction, or a failure to state facts which constitute a public offense, which may be taken advantage of at any time in the course of criminal proceedings. (§ 1012, Penal Code ; *People* v. *Swenson,* 49 Cal*.* 388 ; *People* v. *Turner,* 39 Cal. 370 ; *People* v. *Burgess,* 35 Cal. 115; *People* v. *Jim Tie,* 32 Cal. 60.)

III.   We find nothing in the challenged instructions, which the court of its own motion gave to the jury, prejudicial to the rights of the appellant.

Judgment and orders affirmed.

MCKINSTRY, J., and ROSS, J., concurred.