[No. 20169.   In Bank. — May 25, 1886.]

THE PEOPLE, RESPONDENT, *v.* ADOLFO RODRIGO, APPELLANT.

CRIMINAL LAW — SETTING ASIDE INFORMATION. — Mere irregularities or informalities before the committing magistrate, which do not deprive the defendant of any substantial right, will not warrant the quashing of an information.

ID. — PRELIMINARY EXAMINATION — OMISSION TO EXAMINE WITNESS AS TO HIS BUSINESS. — The omission of the district attorney and magistrate, on the preliminary examination, to ask a witness for the prosecution his profession or business is not prejudicial to the defendant.

ID. — EVIDENCE. — REPUTATION OF DEFENDANT. — The defendant was prosecuted for an assault with a deadly weapon. On the trial, a witness was asked to state the general reputation of the defendant for peace and quietness in the county, so far as he knew. The witness had not stated that he lived in the county or knew the general reputation of the defendant therein. The court excluded the evidence. *Held,* that the ruling of the court was proper.

ID. — DEADLY WEAPON DEFINED. — The court instructed the jury that a deadly weapon " is any weapon or instrument by which death may be produced, or would be likely to be produced, when being used in the manner in which it may appear it was used in the affray. The jury are the judges as to whether the weapon was or was not a deadly weapon." *Held,* that the instruction was correct.

ID. — INSTRUCTIONS — REASONABLE APPREHENSION OF INJURY. — The court refused to instruct the jury that they should acquit the defendant if they entertained a reasonable doubt that he made the assault under a reasonable apprehension of great bodily harm. *Held,* that the refusal was proper, as the defendant could not justify the assault unless the use of a deadly weapon was necessary to prevent the injury.

ID. — BURDEN OF PROOF — REASONABLE DOUBT. — In such a prosecution, if the defendant relies upon no separate, distinct, or independent fact, but confines his defense to the original transaction on which the charge is founded, with its accompanying circumstances, the burden of proof never shifts, but remains upon the government throughout the case to prove the act a criminal one beyond a reasonable doubt.

ID. — EVIDENCE — IMPEACHMENT OF WITNESS — JUDGMENT AND SENTENCE FOR FELONY. — The party seeking to impeach a witness may ask him on cross-examination whether a judgment and sentence had been pronounced against him for a felony.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.

The facts are stated in the head-notes and opinion of the court.

*W. I. Foley*, for Appellant.

*Attorney-General Marshall*, for Respondent.

McKINSTRY, J.—The defendant was found guilty of an assault with a deadly weapon.

The defendant moved to set aside the information on the ground that before the filing thereof he had not been legally committed by a magistrate.

It is urged that the testimony taken before the committing magistrate was not taken as prescribed by section 869 of the Penal Code. But our attention has not been called to any particular defect or irregularity in the mode of taking the depositions, or in certifying the same, or in the order of commitment.

The commitment is in accordance with the statute. (Pen. Code, sec. 872.)

Each deposition is signed by the witness. Each is signed and declared "approved" in writing by the magistrate, which is a certification. (Pen. Code, sec. 869, subds. 4, 5.) Subdivision 3 of the same section was complied with. Each of the deposing witnesses stated his name and place of residence. (Subd. 1.) All the witnesses (except T. B. Hudson) stated their respective occupations or professions. The statute was complied with in every substantial respect.

Section 995, which authorizes and directs an information to be set aside, on motion of a defendant, when the defendant has not been "legally committed," does not require the information to be set aside for every informality or irregularity before the magistrate. To justify the quashing of the information, it must at least appear that the defendant was deprived of some substantial right. In the case at bar the witness Hudson was cross-examined by the defendant when his deposition was taken before the magistrate. The mere omission of the district attorney or justice of the peace to ask of the wit-

ness his profession or business could not have injured the defendant.

We cannot say the court erred in sustaining the objection to the question, asked of the witness W. B. Baker, —"What is his (defendant's) general reputation for peace and quiet in this county, so far as you know?" The witness had not stated that he lived in the county or knew the defendant's general reputation in the county.

The instruction given by the court defining "deadly weapon" is not subject to the objection urged by counsel for appellant.

The court below was justified in refusing to give the instruction asked by the defendant, by which the jury was told it was their duty to find the defendant not guilty if they entertained a reasonable doubt that he acted under a reasonable apprehension of great bodily injury.

Even if it were conceded that the instruction asked was correct in other respects, the defendant would not be justified —although acting under a reasonable apprehension of great bodily injury—unless the use of a deadly weapon was necessary to prevent the injury. The instruction assumes that the bare fear, if reasonable, would justify the defendant's act. But if all the circumstances supposed by the instruction were shown to exist, it would still remain for the jury to determine whether his acts were necessary, and therefore justifiable.

Counsel for the defendant requested the court to charge the jury as follows: "In any criminal charge, if the defendant relies upon no separate, distinct, or independent fact, but confines his defense to the original transaction on which the charge is founded, with its accompanying circumstances, the burden of proof never shifts, but remains upon the government throughout the whole case to prove the act a criminal one beyond a reasonable doubt."

The court refused to so instruct the jury. This was

error.   The instruction was refused as "not called for by the evidence."   We think it appropriate and clearly applicable to the case.

An assault is an *unlawful* attempt, etc.   (Pen. Code, sec. 240.)   Where the attempt or actual battery, with or without a weapon, is justifiable, there is no offense. That the instruction requested correctly declares the law is made apparent by the reasoning in *Commonwealth* v. *McKie,* 1 Gray, 61; S. C., 61 Am. Dec. 410.

It is claimed that the rule in cases of assaults with a deadly weapon should be the same as in cases of homicide, and that in cases of homicide the burden of proof is changed.   Even in cases of homicide, however, the burden of proving beyond a reasonable doubt that a killing is criminal is upon the prosecution.   This does not mean that the prosecution must anticipate a defense and affirmatively establish (by evidence other than that of the killing) that the homicide was *not* justifiable. When the people have proved the killing,—and no evidence has been given tending to prove justification,— they have performed the task imposed upon them, and proved *prima facie* the guilt of the defendant beyond a reasonable doubt.   By reason of statutory rule of evidence, the *prima facie* case of the prosecution can be overcome only by proof of justification, established by a preponderance of evidence.   In case the prosecution has given evidence tending to prove self-defense, the defendant is entitled to the benefit of it.   If not sufficient of itself to establish self-defense, the defendant is entitled to connect it with evidence which *he* may introduce, and if all the evidence bearing on the subject, taken together, preponderates in his favor as to the issue of justification he should be acquitted.

Section 38 of the act of 1850, " concerning crimes and punishments," and section 1105 of the Penal Code, do not change the rule which casts on the prosecution the burden of proving (beyond a reasonable doubt) the act of a defend-

ant to be a crime. They fix the *quantum* of evidence which is necessary to overcome the proof on the part of the prosecution, which, until overcome, establishes beyond a reasonable doubt the guilt of the defendant. Nothing was decided in the cases of Milgate, Stonecifer, Arnold, or Hong Ah Duck (5 Cal. 127; 6 Cal. 405; 15 Cal. 476; 61 Cal. 387) which conflicts with these views.

That a rule at least as broad as that laid down in the instruction asked and refused is correct, in cases other than homicides, seems decided in *People* v. *Cheong Foon Ark*, 61 Cal. 528.

At the trial below, one Francisco Ballesteros was called and examined as a witness on the part of the prosecution. On his cross-examination counsel for the defendant asked the witness: "Did you plead guilty on March 17, 1882, in the Superior Court of this county, to the crime of robbery?" To which the witness answered: "Yes, sir." Counsel for defendant then asked: "Were you sentenced on that occasion to punishment for eighteen months in the penitentiary?" The last question was objected to as irrelevant and immaterial; the objection was sustained, and counsel for defendant duly excepted.

We do not find it necessary to express any opinion as to whether the word "penitentiary" in the question objected to can be interpreted "state prison." But we entertain no doubt that a party may ask a witness with respect to the fact of a judgment and sentence against him for a felony.

A felony is a crime which is punishable with death or by imprisonment in the state prison. (Pen. Code, sec. 17.) Robbery is a felony. (Pen. Code, sec. 213.) The defendant had the right to prove by the witness that he had been convicted of a felony. "Conviction" is usually defined the legal proceeding of record which ascertains the guilt of the party and upon which the sentence or judgment is founded. (Bouvier's Law Dict.) The term is

sometimes applied to the finding of a person guilty by verdict of a jury. (1 Bishop's Crim. L. 223.) But it is sometimes used to denote final judgment. (Bouvier; Dwarris's Stat., 2d ed., 683.)

Conviction of certain crimes, when accompanied by judgment, disqualified the person convicted as a witness. (Bouvier; 18 Miss. 192; 11 Met. 302.)

A witness may be shown to have been guilty of a felony by "his examination," or "by the record of the judgment." (Pen. Code, sec. 205.) The proof of the conviction by the oral examination of the witness is a substitute for proof of the judgment by the record. And in view of the pre-existing law, which required the conviction to be proved by the judgment, and of the section which permits proof by the witness *or* by the record of the judgment (proof by the witness instead of by the record), we hold that the party seeking to impeach the witness may ask him with respect to the judgment.

Judgment and order reversed, and cause remanded for a new trial.

SHARPSTEIN, J., ROSS, J., McKEE, J., MORRISON, C. J., and THORNTON, J., concurred.