Harrison, J.,      Van Fleet, J.,<br>
McFarland, J.,    Garoutte, J.,<br>
Henshaw, J.

---

[No. 21132. In Bank.—January 17, 1895.]

THE PEOPLE, Respondent, *v.* B. F. NAPTHALY, Appellant.

Criminal Law—Preliminary Examination—Right of Accused Lawyer to have Counsel.—Under the constitution a lawyer who is accused of crime is equally entitled in every stage in his trial to the presence and aid of counsel, and, where he is refused the continuance of a preliminary examination for the purpose of enabling him to employ counsel, the preliminary examination is illegal, and an information based thereon should be set aside.

Id.—Information by Magistrate—Waiver.—Where the defendant was a lawyer, and asked for a continuance of his preliminary examination to procure counsel, the fact that he asked for the continuance is evidence of his knowledge of his right thereto, and waived the necessity of his being informed thereof by the magistrate.

Appeal from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing to set aside an information.

The facts are stated in the opinion.

CV. Cal.—41

*Carroll Cook*, for Appellant.

The motion to dismiss and set aside the information should have been granted, because of the failure of the magistrate to inform the defendant of his right to counsel. (Pen. Code, secs. 858–60, 869, 995, 997; *People* v. *Moore*, 29 Cal. 427; *Kalloch* v. *Superior Court*, 56 Cal. 232–35; *People* v. *Barnes*, 66 Cal. 595, 596; *Hurtado* v. *California*, 110 U. S. 538.) Before a prosecution can be had upon an information the accused must be first legally examined and committed by a magistrate in accordance with the provisions of part II, title 3, of the Penal Code. (*People* v. *Wilson*, 93 Cal. 378; *Ex parte Baker*, 88 Cal. 84.)

*Attorney General W. H. H. Hart*, and *Deputy Attorney General William H. Layson*, for Respondent.

The neglect of the magistrate to inform the defendant of his right to counsel was not a prejudicial error, as defendant was and is an attorney at law. (*People* v. *Ellsworth*, 92 Cal. 595; Pen. Code, secs. 960, 1258, 1404; *People* v. *O'Brien*, 88 Cal. 489 )

SEARLS, C.—The defendant was accused by information of the crime of assisting a prisoner to escape.

It is averred in the information that on the twenty-third day of February, 1892, at the city and county of San Francisco, one Adam Stroh, *alias* Johnson, had been arrested for vagrancy, and was then and there confined in the city prison of the city and county of San Francisco, and was then and there in the legal and lawful custody of the chief of police of said city and county, pending an examination upon said charge.

That on said twenty-third day of February, 1892, in said city and county, defendant knowingly, willfully, and feloniously presented to one John Parrott, the acting keeper of said prison, an order of discharge, purporting to be a legal and lawful discharge from custody of said Adam Stroh, *alias* Johnson, on said charge of vagrancy. The order of discharge is set out in full, and

purports to show that said Stroh, *alias* Johnson, on charge of vagrancy, has deposited a bail bond with me (the clerk) in the sum of three hundred dollars for his appearance to answer said charge, and is dated February 23, 1892, and signed as follows, " A. A. Watson, clerk police court, per N."

It is then charged that said Stroh, *alias* Johnson, was thereupon discharged by the jailor, who believed the order was genuine, but that in fact it was not a legal and lawful order of discharge, as the defendant well knew, whereby said prisoner, through the unlawful acts and contrivance of defendant, did escape from prison and go at large, etc.

Before pleading defendant moved to set aside the information upon the ground that he had not been legally committed by any magistrate before the filing of the information, and upon the ground that he had been committed without reasonable or probable cause.

The motion was heard upon the evidence taken before the magistrate, which the bill of exceptions certifies was the same as that taken at the trial on behalf of the prosecution, and which is included in the bill of exceptions; and 2, also upon the record of the magistrate which "showed that at his preliminary examination before said magistrate he was not represented by any counsel; that the magistrate refused to continue the examination for the purpose of enabling him to employ counsel, and that said magistrate entirely failed to inform said defendant of his rights as required by sections 858, 859, and 860 of the Penal Code of the state of California.

The motion was denied, and the ruling is assigned as error.

Our constitution (art. I, sec. 13) guarantees the right of every person charged with crime, in any court whatever, " to appear and defend in person and with counsel."

In obedience to this constitutional guarantee section 858 of the Penal Code provides that, when a defendant

is brought before a magistrate under arrest on a charge of having committed a public offense, the magistrate must at once inform him of the charge against him, and his right to the aid of counsel.

Section 659 is as follows: " He must also allow the defendant a reasonable time to send for counsel, and postpone the examination for that purpose; and must, upon the request of the defendant, require a peace officer to take a message to any counsel in the township or city the defendant may name. The officer must, without delay and without fee, perform that duty."

Under section 8 of article I of the constitution, " offenses heretofore required to be prosecuted by indictment shall be prosecuted by information, after examination and commitment by a magistrate, or by indictment with or without such examination and commitment as may be prescribed by law."

It will be observed that, under this provision of our constitution, an offense can be prosecuted by information only after an examination and commitment by a magistrate.

Among the causes for setting aside an information is, " that before the filing thereof the defendant had not been legally committed by a magistrate." The necessity of such examination and commitment was recognized and upheld in *People* v. *Wilson,* 93 Cal. 377, and in *Ex parte* Baker, 88 Cal. 84.

An examination which denied to defendant the right guaranteed him alike by the constitution and statute, of being defended by counsel, was in no sense a legal examination.

It was a plain and palpable violation of a fundamental right of the defendant which rendered the commitment illegal.

It is said defendant is a lawyer, and there was no need of informing him of his right to have counsel or of continuing the case to permit him to procure such counsel. There is some evidence in the record tending to show that defendant was a lawyer.

The very fact that the defendant asked for a continuance to procure counsel is evidence of his knowledge of his right thereto, and obviated the necessity of his being informed thereof. Thus far and no more. Under the constitution and law a *lawyer* who is accused of crime is equally entitled in every stage of his trial to the presence and aid of counsel (" to appear and defend, in person and with counsel ") with other persons.

The rights of individuals in this respect are not to be gauged by their profession or occupation.

The evidence shows that defendant was in custody and imprisoned on a charge of felony. Suppose, however, it did not. Whatever the rule may have been at common law, under our law every person accused of a felony is entitled to the aid of counsel, whether imprisoned or admitted to bail, and a refusal of an opportunity to procure such counsel amounts to the deprivation of an important right essential to his safety.

The court below erred in refusing to set aside the information; for which error the judgment and order appealed from should be reversed, and the court below directed to set aside the information against the defendant.

Haynes, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed and the court below directed to set aside the information against the defendant.

McFarland, J.,    Garoutte, J.,
Harrison, J.,    Van Fleet, J.