In re LI PO TAI'S ESTATE.*

LI TAI WING v. FREESE, Public Administrator.

No. 15,746; January 28, 1895.

39 Pac. 30.

**Administrator With Will Annexed—Right to Remove.**—Code of Civil Procedure, section 1383, providing that when letters of administration have been granted to any other than the surviving wife, child, etc., of the intestate, any one of them may obtain the revocation of the letters, and become entitled to the administration, does not apply to letters of administration with the will annexed.

APPEAL from Superior Court, City and County of San Francisco; J. V. Coffey, Judge.

Petition by Li Tai Wing for the removal of A. C. Freese, public administrator, as administrator with the will annexed of Li Po Tai, and that letters of administration with the will annexed be issued to petitioner. From an order denying the application, petitioner appeals. Affirmed.

Alexander D. Keyes and Philip Teare for appellant; J. D. Sullivan, R. H. Countryman and Wm. Willett for respondent.

PER CURIAM.—On the 28th of February, A. D. 1894, appellant, Li Tai Wing, filed a petition in the probate court of the city and county of San Francisco, in which, with other allegations, he stated that Li Po Tai died in said city and county March 20, 1893, testate; that by his will he nominated petitioner and his mother executor and executrix of the will; that at the time of the death of Li Po Tai, and when the will was probated and letters testamentary were issued to his mother, petitioner was a minor, and was absent from the state of California; that his mother, Lee See, was appointed executrix April 11, 1893, and duly qualified; that afterward, on the twenty-seventh day of October, 1893, said Lee See was removed from office, and her said letters revoked, and afterward, on the fifteenth day of November, 1893, A. C.

_____

*For subsequent opinion in bank, see 108 Cal. 484, 41 Pac. 486.

Freese, public administrator, was appointed administrator with the will annexed to take charge of the estate, and said Freese duly qualified, and is still acting as such administrator; that said Freese was not the husband or wife, child, father, mother, brother or sister of said Li Po Tai, deceased. Petitioner is the eldest son of said Li Po Tai, is over the age of twenty-one years, and a resident of the city and county of San Francisco; wherefore, he asked that the letters of administration issued to A. C. Freese be revoked, and letters of administration with the will annexed be issued to petitioner. Freese was duly cited to appear and answer. He filed no answer, but did appear, and was allowed to contest the right of the petitioner. Petitioner bases his claims upon the language of section 1383, Code of Civil Procedure, and succeeding sections. He contends that under these provisions his right to relief asked is absolute, provided only that he be found to possess the statutory competency. Section 1383 is expressly limited to the estates of those who died intestate, and section 1354 is made applicable to the estates in which a will has been probated and an administrator with the will annexed has been appointed. The last section, however, does not provide that the administrator with the will annexed may be removed to permit a relative or a person entitled to administer to be appointed; but only one who has been named as executor. In section 1350 it is provided that, if it becomes necessary to appoint an administrator with the will annexed, they must be issued as designated and provided for in the grant of letters in case of intestacy. Section 1426 provides that, if the administrator with the will annexed become incapable or die, "letters of administration with the will annexed may be issued to the widow, or next of kin, or others, in the same order and manner as directed in relation to original letters of administration." Appellant contends that a fair construction of these sections indicates that the legislature intended that the rules for the issue of letters of administration with the will annexed shall be the same as the rules for the issuance of letters of administration where the decedent has died intestate. Inasmuch as the statute in regard to the requirement that an administrator may be required to give way to the claims of another expressly limits its operation to estates of those who died intestate, this

would not be to construe a statute, but to add to it. Section 1354 only provides that an administrator with the will annexed shall be removed in favor of one who has been named executor, and leaves that to the discretion of the court. Under section 1383, the right of the relative possessing the statutory competency seems to be absolute. Is there any reason in the nature of the two offices for this difference? I think there is, though, without such reason, the law, being unambiguous, must prevail. In the first place, where there is a will, the next of kin may have no interest in the estate, and there may be no reason why he should be put in charge of it. But there is, I think, a better reason in the case of an administrator with the will annexed—the matter should be left to the sound discretion of the court. Under section 1356 of the Code of Civil Procedure, administrators with the will annexed have the same authority over estates which executors named in the will would have. Executors often have to execute trusts reposed in them by the testator very different from those which administrators assume under the statute. These trusts vary greatly. They may require time and delicate management to perform. While in the performance of such a trust it might be very unfortunate for the estate if at any time one near of kin could stop the proceeding, and have a change in the administration. But, whether the reason suffices or not, the statute seems plain. Appellant applied to have respondent removed, and to be himself appointed executor. That application the probate judge had already refused. Appellant immediately made this application to be appointed administrator with the will annexed. Is the court now compelled to give him the same office, under another name, which it had already refused, using a discretion expressly conferred upon it by statute? It is obvious that the statute has not given appellant any such privilege. Estate of Pacheco, 23 Cal. 476, is cited as an authority for appellant's proposition. When that decision was made, there was no provision such as is now found in section 1354 of the Code of Civil Procedure, giving a discretion to the probate judge. The different policies as to the removal of administrators with the will annexed and ordinary administrators were not as marked then as now. The order appealed from is affirmed.