[Crim. No. 1432.    Second Appellate District, Division One.—December 16, 1926.]

THE PEOPLE, Appellant, v. MANUEL SALAS, Respondent.

[1] CRIMINAL LAW—FAILURE OF MAGISTRATE TO INFORM DEFENDANT OF RIGHTS — ILLEGAL COMMITMENT — CONSTITUTIONAL LAW — SETTING ASIDE INFORMATION.—A motion to set aside an information on the ground that defendant had not been legally committed by a magistrate was properly granted where at the time of the preliminary examination the defendant, who was unfamiliar with the English language and was not represented by counsel, was not informed by the magistrate of any of his rights whatsoever, in violation of the requirements of section 858 of the Penal Code.

(1) 16 C. J., p. 324, n. 11, 16, p. 325, n. 17; 31 C. J., p. 804, n. 14 New.

APPEAL from an order of the Superior Court of Kings County setting aside an information. K. Van Zante, Judge. Affirmed.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, and William R. McKay, District Attorney, for Appellant.

J. C. C. Russell for Respondent.

YORK, J.—The sole proposition involved in this appeal is as to whether or not the court committed error in granting a motion to set aside the information on the ground that the defendant had not been legally committed by a magistrate. The motion was made on the sole ground that at the time of the preliminary examination the defendant, who was not represented by counsel, was not informed by the magistrate of any of his rights whatsoever, in violation of the requirements of section 858 of the Penal Code.

[1] The defendant was a man unfamiliar with the English language and could speak and understand only the Spanish language. He was not represented by counsel at

any stage of the proceedings, until the matter was up on this motion before the superior court. Without being informed of any of his rights by the magistrate, he was sworn and examined at the preliminary hearing. The committing magistrate having failed to instruct the defendant of his constitutional rights, the matter comes within the authority of the case of *People* v. *Napthaly,* 105 Cal. 643 [39 Pac. 30], where they say: "Our constitution (art. I, sec. 13) guarantees the right of every person charged with crime, in any court whatever, 'to appear and defend in person and with counsel.'

"In obedience to this constitutional guarantee section 858 of the Penal Code provides that, when a defendant is brought before a magistrate under arrest on a charge of having committed · a public offense, the magistrate must at once inform him of the charge against him, and his right to the aid of counsel.

"Section 659 (erroneously quoted in said decision; should have been 859) is as follows: 'He must also allow the defendant a reasonable time to send for counsel, and postpone the examination for that purpose; and must, upon the request of the defendant, require a peace officer to take a message to any counsel in the township or city the defendant may name. The officer must, without delay and without fee, perform that duty.'

"Under section 8 of article I of the constitution, 'offenses heretofore required to be prosecuted by indictment shall be prosecuted by information, after examination and commitment by a magistrate, or by indictment with or without such examination and commitment as may be prescribed by law.'

"It will be observed that, under this provision of our constitution, an offense can be prosecuted by information only after an examination and commitment by a magistrate.

"Among the causes for setting aside an information is, 'that before the filing thereof the defendant had not been legally committed by a magistrate.' The necessity of such examination and commitment was recognized and upheld in *People* v. *Wilson,* 93 Cal. 377 [28 Pac. 1061], and in *Ex parte Baker,* 88 Cal. 84 [25 Pac. 966].

"An examination which denied to defendant the right guaranteed him alike by the constitution and statute, of

being defended by counsel, was in no sense a legal examination.

"It was a plain and palpable violation of a fundamental right of the defendant which rendered the commitment illegal.

"It is said defendant is a lawyer, and there was no need of informing him of his right to have counsel or of continuing the case to permit him to procure such counsel. There is some evidence in the record tending to show that defendant was a lawyer. . . .

"The court below erred in refusing to set aside the information; for which error the judgment and order appealed from should be reversed, and the court below directed to set aside the information against the defendant."

In the case at bar the superior court followed the ruling in the case of *People* v. *Napthaly.* The discussion of the case of *People* v. *Napthaly* in the case of *People* v. *Caballero,* 41 Cal. App. 146 [182 Pac. 321], and in the case of *People* v. *Walsh,* 75 Cal. App. 434 [243 Pac. 31], shows that all three of these cases were cases where the defendant either knew or was informed of his rights. The instant case is a more certain violation of the defendant's rights than any of the cases which we have found.

The order of the superior court setting aside the information is affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 14, 1927.