[Crim. No. 2175. Second Appellate District, Division One.—May 17, 1932.]

THE PEOPLE, Appellant, v. WALTER MILLER, Respondent.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, Buron Fitts, District Attorney, and Frank Stafford, Deputy District Attorney, for Appellant.

Joseph L. Fainer and R. E. Parsons for Respondent.

TAPPAAN, J., *pro tem.*—This is an appeal taken by the People from orders made by the superior court granting defendant's motion to set aside the information herein, and permitting defendant to withdraw his plea of "not guilty" entered to the charge set forth in the information.

The defendant was charged by the information with the crime of murder. Defendant was placed on trial before the superior court on the charge contained in the information. When the case was called defendant, through his attorneys, answered in reply to a question by the court that he was ready for trial. The court then ordered that a jury be impaneled. During the impanelment of the jury and before the jury had been sworn to try the cause, defendant's attorneys made the following motion: "We move that the entire preliminary proceedings be set aside on the ground that the defendant was not informed of his constitutional rights, was not informed that he was entitled to the aid of an attorney at all stages of the proceedings, at any time, and neither did he have an attorney. . . . " Later the motion was restated as one to quash the information and the preliminary transcript and in that connection defendant also made a motion for permission to withdraw his plea of "not guilty" for the purpose of making the motion in reference to the quashing of the information. The court at the time the motion was first made took the matter under advisement and continued with the impaneling of the jury. Later, and in the absence of the jury and jury panel, the court heard evidence introduced by both the People and the defendant relative to the matters involved in the motion. This evi-

dence may be summarized as follows: The defendant testified that while he was confined in jail that he requested a police officer, who was the complaining witness, to secure an attorney for him. This officer advised him that at the preliminary hearing he did not need an attorney. After some further conversation, this officer stated to defendant that he would tell the jailer to call the attorney mentioned by defendant. This was not done. That at the time of the preliminary hearing, defendant stated he was not informed of his right to have an attorney, and in fact had no attorney at this hearing. The committing magistrate testified that he had no recollection of informing the defendant of his constitutional rights as to an attorney or process to secure the attendance of witnesses at the hearing. The police officers and the court clerk testified that defendant, at the time of the hearing, was informed of these constitutional rights. The reporter, who took the testimony at the preliminary hearing testifying from his notes made at the time, stated that he did not hear defendant informed of his constitutional rights in this regard. There was some testimony offered to the effect that the matter of the preliminary hearing was continued for the purpose of defendant securing an attorney. After hearing the evidence, thus produced, the court granted both motions made by defendant.

The question thus presented to the court was one purely of fact, addressed to the sound judicial discretion of the trial court. The evidence showed a sharp conflict in the versions of the different witnesses. Under the circumstances here it cannot be said that the act of the trial court in granting defendant's motion to quash the information was an abuse of discretion, nor that there was insufficient evidence to support it.

Section 858 of the Penal Code provides: ''When the defendant is brought before the magistrate upon an arrest . . . the magistrate must immediately inform him of the charge against him, and of his right to the aid of counsel in every stage of the proceedings.'' This code in section 859 places upon the court the duty to provide the defendant with means of communicating with counsel. The Penal Code in section 995 enumerates the grounds upon which the court must set aside an information. Among the grounds so specified is the following: ''That before the filing thereof the de-

fendant had not been legally committed by a magistrate.''
The law expressly requires of the committing magistrate that
he inform the defendant of his right to aid of counsel in
every stage of the proceeding instituted against him. The
court found this was not done in the present case. That
the right to be so represented and have the aid of counsel
is a substantial right is unquestionable. This right was
not afforded defendant, and defendant's commitment was
illegal under the circumstances presented here. (*People* v.
*Salas,* 80 Cal. App. 318 [250 Pac. 526]; *People* v. *Napthaly,*
105 Cal. 641 [39 Pac. 29].)

Counsel for the People cites a number of cases in which
it appears that the defendant was informed of his constitu-
tional right to have the aid of counsel, but that he had failed
to secure counsel, and the question involved was as to his
right to further continuance of the preliminary hearing to
enable him to secure counsel. These cases are to be dis-
tinguished from the instant case in that here the trial court
has found that defendant was never informed of such right.

The question of the power of the magistrate to further
continue the preliminary hearing to a date later than the
one upon which it was held is immaterial, in view of the
finding of the trial court that defendant had not been legally
informed of his constitutional right to aid of counsel. In
this regard it may also be said that the question as to
whether defendant was afforded the right to communicate
with counsel vouchsafed to defendant by section 859 of the
Penal Code, was one of fact, and the evidence relative
thereto was of a conflicting nature.

The remaining contention made by the People upon
this appeal, that defendant had waived his right to object to
the illegality of his preliminary hearing by his failure to
interpose his objection at the time of his arraignment upon
the information, is not supported by the record nor by the
evidence presented upon this appeal.

The fact that defendant was not represented in court by
counsel at any stage of the proceedings had against him,
prior to the time that he was actually placed upon trial, is
not questioned. His counsel then, at that time and before
the jury was sworn to try the issue presented by his plea
of not guilty, made the objection and moved for leave to
withdraw his plea of not guilty entered by him when he was

present in court without counsel. This motion to withdraw the plea of not guilty was one addressed to the discretion of the trial court. "Even after his plea was entered, he had the right, at any time before trial, to apply to the court for leave to withdraw his plea, for the purpose of demurring or moving to set aside the information." (*People* v. *Villarino*, 66 Cal. 228, 230 [5 Pac. 154].) The doctrine of waiver, as stated in section 996 of the Penal Code, has no application here. The defendant made his application at the first time afforded him after he had the aid of counsel. This rule of waiver has been applied by our courts in many cases where the motion was not made until the trial had been had or judgment entered. Such cases have no application in the instant case. There was no abuse by the court in the granting of this motion. The circumstances present here are sufficient to support the trial court in the granting of the motion.

The orders appealed from are affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 31, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 16, 1932.