STONE, J.
 
 *
 

 Appellant and a eodefendant were charged with burglary. At their preliminary hearing defense counsel objected to the introduction of most of the pertinent evidence, urging the exclusionary rule of the
 
 Calían
 
 ease, the hearsay evidence rule, and the unreliability of an informer. Had the objections been sustained and the evidence excluded, there would have been insufficient evidence to hold appellant and his codefendant to answer.
 

 The questions presented by the objections were novel in some respects, which prompted the magistrate to request points and authorities from the district attorney and defense counsel. Seven days were allowed for the filing of points and authorities, and the court assured counsel of a ruling shortly thereafter. The question arose whether the presence of counsel would be necessary at the time of the ruling. Presumably an order holding defendants to answer was to follow if the objections were overruled. Counsel for each defendant advised the court that he wanted to be present if the ruling were to
 
 *152
 
 be adverse to his client. With this understanding, the hearing was continued seven days.
 

 It appears from the record that after the initial seven days elapsed, the court, without notifying counsel, continued the matter an additional week. When the matter was called, appellant Helium, who was in custody, was brought to court. The absence of defendant Jones, who was on bail, was noted by the magistrate, who announced that it was understandable in that Jones had not been notified of the hearing. It is .significant that no mention was made of the absence of both defense counsel. Nor was appellant asked whether he wished to proceed in the absence of his attorney.
 

 The district attorney’s office was represented at this hearing by a deputy who had not attended the previous hearing when the evidence was adduced. The presiding magistrate proceeded to brief the new deputy on what had occurred at the prior hearing. The briefing developed into a colloquy during which the district attorney was permitted to argue not only the points of law at issue, but also evidence which he had not heard. Finally, the court overruled the defense objections and motions to strike, and upon motion of the district attorney ordered both defendants held to answer.
 

 At the time of arraignment in the superior court, counsel for appellant moved to set aside the information, pursuant to Penal Code section 995, upon the ground that appellant had not been legally committed by reason of the proceedings held in the municipal court during the absence of his attorney. The motion was denied, appellant entered a plea of not guilty, and a trial was had by the court sitting without a jury. During the trial, counsel questioned the jurisdiction of the court to try appellant, urging that he had been denied his right to counsel in the municipal court. The objection to jurisdiction was overruled, and appellant was found guilty. At the arraignment for sentence, counsel for appellant again argued that the superior court had been without jurisdiction to try appellant because of his illegal commitment.
 

 An accused is guaranteed the right to counsel by the Sixth Amendment to the Constitution of the United States, by article I, section 13, of the California Constitution, and by section 686, subdivision 2, of the Penal Code. To be represented by counsel is a substantial right, yet it may be waived by a defendant. In this action, however, there was no waiver of this right by appellant. Furthermore, he made a timely motion to have the information set aside pursuant to
 
 *153
 
 Penal Code section 995. Denial of that motion was error; and thereafter counsel for appellant followed the correct procedure by objecting to the jurisdiction of the superior court at the trial and again at the arraignment for sentence. The principle governing this ease is clearly stated by the Supreme Court in
 
 People
 
 v.
 
 Elliott,
 
 54 Cal.2d 498 [6 Cal.Rptr. 753, 354 P.2d 225], at page 503:
 

 “The theory of these cases is that where the accused is not legally committed within the meaning of section 995 of the Penal Code, the commitment is voidable. Upon proper objection, the superior court has no jurisdiction to proceed. It is the same as if no preliminary examination at all had been held, and is analogous to the situation where no evidence to connect the accused with the crime is introduced at the preliminary examination. In such event, of course, the information must be quashed. (Citation.) The holding to the contrary in
 
 People
 
 v.
 
 McCalla,
 
 63 Cal.App. 783 [220 P. 436], is disapproved.”
 

 Respondent contends that the irregularity was minor in that the magistrate merely ruled upon a matter which had been submitted after counsel had filed memoranda of points and authorities with the committing magistrate. If this were the fact, we would be inclined to agree with respondent, since the early case of
 
 People
 
 v.
 
 Rodrigo,
 
 69 Cal. 601 [11 P. 481], at page 602, established that an information may be quashed only if a defendant has been deprived of a substantial right. (See also
 
 People
 
 v.
 
 Elliott, supra,
 
 p. 502.) But here the magistrate did more than simply announce his ruling on a submitted motion. As pointed out above, in the absence of defense counsel the district attorney was permitted to discuss the law involved, to argue the import of the points and authorities which had been submitted, and to argue the facts of the case, which were hearsay to him since he had not heard the evidence. Additionally, the district attorney moved the court to hold the defendants to answer in the absence of appellant’s counsel, pursuant to which motion the court made an order holding both defendants to answer. Nothing appears in the record concerning defendant Jones, whose case is not before us, but it is interesting that he was held to answer on a felony charge even though neither he nor his attorney was present.
 

 We are satisfied that in the circumstances the committing magistrate denied appellant a substantial right. There would
 
 *154
 
 be no question had the right to counsel been expressly denied.
 

 To go forward with an essential proceeding in the absence of counsel and without a waiver of his presence, deprived appellant of his right to counsel as effectively as though that right had been specifically denied.
 

 A commitment must be set aside if during a preliminary examination a defendant has been denied a substantial right, provided, of course, a timely motion is made under Penal Code section 995.
 
 (People
 
 v.
 
 Elliott, supra,
 
 p. 503;
 
 People
 
 v.
 
 Napthaly,
 
 105 Cal. 641 [39 P. 29];
 
 People,
 
 v.
 
 Salas,
 
 80 Cal.App. 318 [250 P. 526];
 
 People
 
 v.
 
 Miller,
 
 123 Cal.App. 499 [11 P.2d 884];
 
 People
 
 v.
 
 Williams,
 
 124 Cal.App.2d 32 [268 P.2d 156];
 
 McCarthy
 
 v.
 
 Superior Court,
 
 162 Cal.App.2d 755 [328 P.2d 819].)
 

 We learn further from
 
 People
 
 v.
 
 Elliott, supra,
 
 that when denial of a timely motion under section 995 to set aside an unlawful commitment is followed by a proper objection to the jurisdiction of the superior court, a resulting conviction made over such objection must be reversed. (See also
 
 Whitney
 
 v.
 
 Superior Court,
 
 182 Cal. 114 [187 P. 12] ;
 
 People
 
 v.
 
 Howard,
 
 111 Cal. 655 [44 P. 342];
 
 People
 
 v.
 
 Napthaly, supra.)
 

 The judgment is reversed.
 

 Shepard, Acting P. J., and Coughlin, J., concurred.
 

 *
 

 Assigned by Chairman of Judicial Council.