[No. A016983. First Dist., Div. Three. Sept. 15, 1982.]

ROBERT DWIGHT JACKSON, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Susan Guberman Garcia for Petitioner.

No appearance for Respondent.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney Gen-

eral, Herbert F. Wilkinson and J. Patrick Collins, Deputy Attorneys General, for Real Party in Interest.

OPINION

SCOTT, J.—■ This petition raises the question of whether a defendant is "illegally committed" by the magistrate within the meaning of Penal Code section 995 when he is denied the opportunity to present testimony concerning the prejudice caused by prearrest delay. We conclude that testimony related to a nonstatutory motion to dismiss for prearrest delay is not integral to the preliminary examination. A defendant prevented from litigating the issue before the magistrate is not "illegally committed." He may make his nonstatutory motion to dismiss in superior court.

On July 31, 1980, a manager for Jerome Cable and Wire Company in Mountain View arrived to discover that the premises had been burglarized. A rock and glass were found on the floor, and a safe had been pried open. Police investigation disclosed petitioner's fingerprints on the safe and on two pieces of glass. Petitioner was formerly employed by the company.

A burglary complaint was filed September 30, 1980, and an arrest warrant issued for petitioner's arrest. He was not arrested until November 20, 1981.

Before the preliminary examination, defense counsel notified the People that she expected to make a showing of prejudicial prearrest delay at the preliminary examination. She subpoenaed the Mountain View officer who had investigated the burglary. However, when she called him to the stand and began to question him about the investigation, the prosecutor objected. The magistrate agreed that a motion to dismiss was improper.[1] Counsel made an offer of proof, but the magistrate ruled that the proffered evidence was irrelevant because he could not hear a motion to dismiss. Petitioner was held to answer for burglary.

---

[1]As explained below, the magistrate erred in concluding that he was without jurisdiction to hear a motion to dismiss. (See *Landrum* v. *Superior Court* (1981) 30 Cal.3d 1 [177 Cal.Rptr. 325, 634 P.2d 352], and Pen. Code,.§ 1385 (Stats. 1980, ch. 938, § 7, p. 2968).)

In superior court, petitioner moved to dismiss the information on the ground that he was illegally committed when the magistrate refused to consider his evidence concerning delay. (Pen. Code, § 995.) The motion was denied, and this petition followed. A hearing in superior court on the nonstatutory motion to dismiss for prearrest delay has been deferred due to this writ proceeding.

Penal Code "[s]ection 995 provides in relevant part that upon motion the information 'must' be set aside by the court in which the defendant is arraigned if it appears 'That before the filing thereof the defendant had not been legally committed by a magistrate.'" (*Jennings* v. *Superior Court* (1967) 66 Cal.2d 867, 874 [59 Cal.Rptr. 440, 428 P.2d 304].) The *Jennings* court explained the phrase "legally committed" as follows: "'. . . An information, of course, will not be set aside merely because there has been some irregularity or minor error in procedure in the preliminary examination. (*People* v. *Rodrigo*, 69 Cal. 601 [11 P. 481].) But where it appears that, during the course of the preliminary examination, *the defendant has been denied a substantial right*, the commitment is unlawful within the meaning of section 995, and it must be set aside upon timely motion. [Citations.]' (Italics added.)

"Applying these rules in a variety of contexts, the courts have held that an accused was not 'legally committed' when he was denied the right to the assistance of counsel at the preliminary hearing (*People* v. *Napthaly* (1895) 105 Cal. 641, 644-645 [39 P. 29]; *McCarthy* v. *Superior Court* (1958) 162 Cal.App.2d 755, 758-759 [328 P.2d 819]; *People* v. *Williams* (1954) 124 Cal.App.2d 32, 38 [268 P.2d 156]; Pen. Code, § 866.5), when he was not advised by the magistrate, as required by section 859, of his right to such counsel (*People* v. *Miller* (1932) 123 Cal.App. 499, 501-502 [11 P.2d 884]; *People* v. *Salas* (1926) 80 Cal. App. 318 [250 P. 526]), when the magistrate both listened to argument by the prosecution and ruled on the motion to dismiss the information without notifying the defendant's counsel (*People* v. *Hellum* (1962) 205 Cal.App.2d 150, 153-154 [22 Cal.Rptr. 724]), when the magistrate denied the defendant a reasonable continuance to permit him to send for counsel, as required by section 860 (*People* v. *Phillips* (1964) 229 Cal. App.2d 496, 501-502 [40 Cal.Rptr. 403]) or granted the prosecution's unsupported motion for a one-day continuance to secure a witness, in violation of the command of section 861 to complete the hearing 'at one session' (*People* v. *Bucher* (1959) 175 Cal.App.2d 343 [346 P.2d 202]), or when the magistrate allowed an unauthorized person to remain in the courtroom during the hearing, after the defendant had moved to ex-

clude all such persons under section 868 (*People* v. *Elliot* (1960) *supra*, 54 Cal.2d 498 [6 Cal.Rptr. 753, 354 P.2d 225]).” (*Id.*, 66 Cal.2d at pp. 874-875.)

In *Jennings* the magistrate denied a short continuance to obtain a defense witness and restricted cross-examination directed toward the affirmative defense that contraband was “planted” and the defendant was entrapped by the police. The *Jennings* court ordered dismissal, stating the rule that “the defendant must be permitted, if he chooses, to elicit testimony or introduce evidence tending to overcome the prosecution's case or establish an affirmative defense.” (66 Cal.2d at p. 880.)

Petitioner asks us to extend the *Jennings* principle to provide the defendant a right to present evidence which does not tend to establish an affirmative defense or overcome the prosecution's case, but which is directed toward establishing a legal basis for dismissing the prosecution.[2] The ground for dismissal here would be not that petitioner is factually innocent, but that unjustified prosecutorial delay has prejudiced petitioner's ability to present a defense. (See *Overby* v. *Municipal Court* (1981) 121 Cal.App.3d 377, 383 [175 Cal.Rptr. 352].)

In *People* v. *Peters* (1978) 21 Cal.3d 749 [147 Cal.Rptr. 646, 581 P.2d 651], the Supreme Court ruled that Penal Code section 1385, which at that time authorized a “court” to dismiss in the interest of justice on its own motion or on motion of the prosecution, did not authorize a “magistrate” to dismiss a felony complaint. The *Peters* decision has since been overruled by the Supreme Court (see *Landrum* v. *Superior Court* (1981) 30 Cal.3d 1 [177 Cal.Rptr. 325, 634 P.2d 352]) and replaced by a change in the wording of Penal Code section 1385 to permit a “judge or magistrate” to dismiss in the interest of justice. (Stats. 1980, ch. 938, § 7, p. 2968.) Thus, at the time the magistrate acted on petitioner's request he did not lack jurisdiction to hear a motion to dismiss.

The existence of jurisdiction to dismiss does not carry with it an obligation that the magistrate entertain any motion to dismiss brought by the defendant. The Legislature has authorized the court or magistrate to dismiss on its own motion or on the motion of the prosecuting attor-

---

[2]Note that the entrapment defense now in effect in California employs the “objective” test, which depends entirely upon the activity of the police and not upon subjective criminal intent of the accused. (See *People* v. *Barraza* (1979) 23 Cal.3d 675, 686-692 [153 Cal.Rptr. 459, 591 P.2d 947].) Thus, entrapment is less like a “defense” now than it was when *Jennings* was decided.

ney, but has not created a vehicle for the defendant to seek to dismiss in the interest of justice. In extraordinary circumstances and with proper notice to the prosecution, a defendant might persuade a magistrate to hear a motion to dismiss for prearrest delay on the magistrate's own motion. However, judicial efficiency and economy dictate that the motion normally be heard in the superior court. A magistrate's failure to accept the defendant's invitation to hear a motion to dismiss does not result in an illegal commitment.

Petitioner directs our attention to *People v. Hertz* (1980) 103 Cal. App.3d 770 [163 Cal.Rptr. 233], where the defendant sought pre-preliminary hearing discovery directed toward the "defense" of discriminatory prosecution. In the course of reviewing a dismissal by the superior court, the *Hertz* court concluded that "[c]onsistent with the accepted expanded notion of preliminary hearings, there is no logical reason why the affirmative defense of discriminatory enforcement cannot be raised at that stage of criminal prosecutions." (*Id.*, at p. 775.)

Having characterized a motion to dismiss for discriminatory prosecution as an "affirmative defense," the *Hertz* court's conclusion that the defendant should be entitled to raise it at the preliminary examination was indeed logical. We avoid that logical imperative by taking note of the differences between the affirmative defense of entrapment as it existed when *Jennings* was decided and a nonstatutory motion to dismiss for prearrest delay. Although both depend to some extent upon examination of police conduct, the former presented a jury question addressing how the defendant's intent was influenced by the police conduct, whereas the latter presents a court question in which the defendant's culpability plays no part. At the trial court level the former was tried as a part of the determination of guilt or innocence; the latter is heard as a motion before trial. We conclude that a motion to dismiss for prejudicial prearrest delay is not an "affirmative defense" under *Jennings* and that an illegal commitment does not take place when the defendant is precluded from litigating such motion before the magistrate.[3]

We are fortified in our conclusion by the comments in *People v. Crudgington* (1979) 88 Cal.App.3d 295, 300, footnote 4 [151 Cal.Rptr.

---

[3]The *Hertz* court glossed over comparable differences between the entrapment defense and a motion to dismiss for discriminatory enforcement, citing the Supreme Court's characterization of discriminatory enforcement as an "affirmative defense" in *Murgia v. Municipal Court* (1975) 15 Cal.3d 286 [124 Cal.Rptr. 204, 540 P.2d 44], but not citing its caution that the term "defense" was being used as a matter of convenience and that the terminology obscured some of the distinctive aspects of the claim.

737], and *People* v. *Sahagun* (1979) 89 Cal.App.3d 1, 21, footnote 10 [152 Cal.Rptr. 233], which criticize contrary dicta in *People* v. *Wright* (1969) 2 Cal.App.3d 732, 735 [82 Cal.Rptr. 859].

The alternative writ is discharged and the petition for a peremptory writ of prohibition is denied.

White, P. J., and Barry-Deal, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied November 10, 1982. Newman, J., did not participate therein. Bird, C. J., was of the opinion that the application should be granted.