Filed 10/13/20

# CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B300612 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA331474) |
| v. | |
| VIRGINIA FRAZIER, | |
| Defendant and Appellant. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Douglas Sortino, Judge.  Affirmed.

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, and William N. Frank, Deputy Attorney General for Plaintiff and Respondent.

_____

The Secretary of the Department of Corrections and Rehabilitation (Secretary) recommended the trial court recall Virginia Frazier's 23-year prison sentence imposed more than a decade earlier and resentence her pursuant to Penal Code section 1170, subdivision (d)(1),[1] citing Frazier's exemplary postconviction conduct.  The court entered an order summarily declining to recall Frazier's sentence.  On appeal Frazier contends the court violated due process by making its decision without appointing counsel for her.  We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

1. *Frazier's Underlying Conviction and Sentence*

In November 2007 Frazier attacked her boyfriend with a steak knife and slashed his arm, which he had raised defensively to protect himself during the assault.  A jury convicted Frazier of one count of assault with a deadly weapon and found true the special allegation that Frazier had personally inflicted great bodily injury under circumstances involving domestic violence (§ 12022.7, subd. (e)).

In a bifurcated proceeding on specially alleged prior conviction allegations, Frazier admitted she had suffered three prior serious or violent felony convictions within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12) and three prior serious felony convictions within the meaning of section 667, subdivision (a)(1).  The court dismissed two of Frazier's qualifying strike convictions in the interest of justice and sentenced her to 23 years in prison, eight years for the aggravated assault (the upper term of four years, doubled under the three strikes law), plus five years for the great bodily injury

---

[1]     Statutory references are to this code.

enhancement and five years for each of her two, separately tried, prior serious felony convictions.  (§ 667, subd. (a)(1).)

We affirmed Frazier's conviction and sentence.  (*People v. Frazier* (June 29, 2009, B208449) [nonpub. opn.].)

    2. *The Secretary's Request for Recall of Sentence and Resentencing and the Court's Summary Denial*

On May 31, 2019 the Secretary sent a letter and supporting case summary to the trial court pursuant to section 1170, subdivision (d)(1), recommending the court recall Frazier's sentence and resentence her.  The Secretary informed the court that Frazier, nearly 70 years old, had demonstrated exemplary behavior while in prison; had completed a 24-week Alcoholics Anonymous program and multiple educational courses, including classes addressing conflict resolution and responses to violence; and had served as a role model for other students in the prison population.  Frazier's only disciplinary issue during her more than decade-long incarceration was a refusal to perform an assigned duty in September 2017.

On July 3, 2019 the trial court issued a minute order stating, "The court has received and reviewed the letter from the [Secretary] dated 5/31/19 requesting a review and resentencing of defendant pursuant to Penal Code section 1170, subdivision (d)(1).  The court declines to exercise its discretion pursuant to that section.  The original sentence is to remain in full force and effect."  Frazier appealed.[2]

---

[2]    An order declining to follow the Secretary's recommendation pursuant to section 1170, subdivision (d)(1), is an appealable order.  (*People v. McCallum* (Sept. 30, 2020, B301267) __ Cal.App.5th __, ___ [2020 Cal.App. Lexis 914 (p. 11, fn. 7)]; cf. *People v. Loper* (2015) 60 Cal.4th 1155, 1158 [order

**DISCUSSION**

1. *Governing Law and Standard of Review*

Section 1170, subdivision (d)(1), authorizes the court, "within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of state prison inmates . . . [to] recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence."[3] This provision thus creates "an exception to the common law rule that the court loses resentencing jurisdiction once execution of sentence has begun." (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 455; accord, *People v. McCallum* (Sept. 30, 2020, B301267) __ Cal.App.5th _, __ [p. 9] [2020 Cal.App. Lexis 914] (*McCallum*) ["'[s]ection 1170, subdivision (d), represents a limited statutory exception to the general rule that a trial court loses jurisdiction to reconsider a denial of probation or vacate or modify the sentence when a defendant is committed and execution of sentence begins'"]; *People v. Delson* (1984) 161 Cal.App.3d 56, 62 [same].)

We review the court's order declining to follow the Secretary's recommendation for abuse of discretion. (*McCallum, supra*, __ Cal.App.5th at p. __ [pp. 10-11 ]; cf. *People v. Gibson*

summarily declining to exercise discretion to follow the Secretary's recommendation for recall and resentencing under section 1170, subdivision (e), is an appealable order].)

[3] The Legislature revised section 1170, subdivision (d)(1), effective August 6, 2020 to replace "he or she" with "they." For ease of reference we quote section 1170, subdivision (d)(1), in its current form.

4

(2016) 2 Cal.App.5th 315, 324-325 [court's decision whether to recall defendant's sentence under section 1170, subdivision (d)(2), is reviewed for abuse of discretion].)  We review Frazier's constitutional claim on undisputed facts de novo.  (*In re Taylor* (2015) 60 Cal.4th 1019, 1035 ["'[w]hen the application of law to fact is predominantly legal, such as when it implicates constitutional rights and the exercise of judgment about the values underlying legal principles, [the appellate] court's review is de novo'"].)

>    2. *The Secretary's Filing of a Letter Recommending Recall*
>       *of Sentence and Resentencing Did Not Trigger a*
>       *Due Process Right To Counsel*

Frazier contends the court erred in summarily declining to recall her sentence without appointing counsel to represent her. While recognizing that nothing in section 1170, subdivision (d)(1), authorizes appointment of counsel following the Secretary's recommendation for recall and resentencing, Frazier argues appointment of counsel is required as a matter of due process at this "critical stage" of a criminal proceeding to marshal necessary evidence and address at a hearing any reservations the court may have about the Secretary's recommendation.[4]

---

[4]    Observing Frazier's notice of appeal was signed by counsel, the People assert Frazier was represented by counsel in connection with the Secretary's recommendation.  Counsel's signature on a notice of appeal filed weeks after entry of the court's order, however, does not support the People's assertion that Frazier was represented by counsel at the time the court declined to exercise its discretion to recall her sentence and resentence her.  The People's observation that Frazier did not request appointment of counsel is similarly beside the point. (See *People v. Rouse* (2016) 245 Cal.App.4th 292, 301 ["'The right

5

a. *The constitutional right to counsel: a brief overview*

The Sixth Amendment right to counsel, binding on states through the Fourteenth Amendment, affords an indigent defendant facing incarceration the right to court-appointed counsel for his or her defense at every "critical stage" of the criminal process up to and including sentencing and imposition of judgment. (*Marshall v. Rodgers* (2013) 569 U.S. 58, 62 ["[i]t is beyond dispute that '[t]he Sixth Amendment safeguards to an accused who faces incarceration the right to counsel at all critical stages of the criminal process'" up to and including sentencing]; *Gardner v. Appellate Division of Superior Court* (2019) 6 Cal.5th 998, 1003 [same].)

The Sixth Amendment provides no right to appeal and thus no guarantee of counsel on direct appeal. (*Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.* (2000) 528 U.S. 152, 155.) However, when the state provides a defendant with a direct appeal as a matter of right, the right to counsel on appeal is required as a matter of due process and equal protection under both the state and federal constitutional guarantees. (*Ibid.*; *In re Barnett* (2003) 31 Cal.4th 466, 472; see *Pennsylvania v. Finley* (1987) 481 U.S. 551, 555 [due process and equal protection clauses of United States Constitution guarantee a right to counsel on "the first appeal of right, and no further"].)

There is no federal constitutional right to counsel in connection with a postconviction habeas corpus petition attacking the validity of a judgment. (*Coleman v. Thompson* (1991)

---

to counsel is self-executing; the defendant need make no request for counsel in order to be entitled to legal representation. [Citation.] The right to counsel persists unless the defendant affirmatively waives that right'"].)

6

501 U.S. 722, 752; *Murray v. Carrier* (1986) 477 U.S. 478, 487.) However, the California Supreme Court has held, "if a petition attacking the validity of a judgment states a prima facie case leading to issuance of an order to show cause, the appointment of counsel is demanded by due process concerns." (*In re Clark* (1993) 5 Cal.4th 750, 780; *People v. Shipman* (1965) 62 Cal.2d 226, 232 [same constitutional right to counsel upon prima facie showing and issuance of order to show cause applicable to habeas corpus proceedings also applies in *coram nobis* proceeding]; see Cal. Rules of Court, rule 4.551(c)(1), (2) [following the filing of a petition for writ of habeas corpus, the superior court must issue an order to show cause if the petitioner has made a prima facie showing that he or she is entitled relief; "[o]n issuing an order to show cause, the court must appoint counsel for any unrepresented petitioner who desires but cannot afford counsel"].)

> b. *The Secretary's filing of a section 1170, subdivision (d)(1), recommendation for recall and resentencing does not trigger a due process right to counsel for an indigent defendant*

Emphasizing the Sixth Amendment guarantees a right to counsel at all critical stages of a criminal proceeding, Frazier asserts the Secretary's recommendation for recall and resentencing pursuant to section 1170, subdivision (d)(1), is a "critical stage" that, as this case demonstrates, can mean the difference between an inmate receiving an ameliorative sentence (including, perhaps, immediate release based on time served) and potentially spending the rest of her life in prison. However, as discussed, the Sixth Amendment right to counsel at critical stages of a criminal proceeding through sentencing does not apply to postjudgment collateral challenges (see *Coleman v.*

7

*Thompson, supra,* 501 U.S. at p. 752; *Pennsylvania v. Finley, supra*, 481 U.S. at p. 555), including statutory petitions seeking a more ameliorative sentence (see *People v. Perez* (2018) 4 Cal.5th 1055, 1063-1064 [retroactive application of Proposition 36, the Three Strikes Reform Act of 2012, is a legislative act of lenity that does not implicate Sixth Amendment rights]; *People v. Howard* (2020) 50 Cal.App.5th 727, 740 [same]), at least prior to the actual recall of sentence. (See *People v. Rouse* (2016) 245 Cal.App.4th 292, 298 [once sentence recalled under Proposition 47, the Safe Neighborhoods and Schools Act (§ 1170.18), resentencing hearing is critical stage at which defendant enjoys both Sixth Amendment and due process right to counsel].)

Implicitly recognizing this Sixth Amendment jurisprudence, Frazier contends the right to counsel following the Secretary's letter recommending recall and resentencing is rooted in the same due process concerns that afford a habeas corpus petitioner the right to counsel following the court's issuance of an order to show cause. Filed by the Secretary and not the inmate, the section 1170, subdivision (d)(1), recommendation, she asserts, is the "functional equivalent of a prima facie showing" for relief. Or, stated differently, she argues, the recommendation is akin to "an order to show cause [in that] an impartial governmental entity has declared that there is legitimate cause for relief." Both analogies are flawed.

In a habeas corpus proceeding the right to counsel and a hearing is triggered only after the petitioner has made a prima facie factual showing that, if unrebutted, demonstrates entitlement to relief. (See *People v. Duvall* (1995) 9 Cal.4th 464, 475 [issuance of an order to show cause in habeas proceeding

"signifies the court's preliminary determination that the petitioner has pleaded sufficient facts that, if true, would entitle him to relief"]; *In re Clark*, *supra*, 5 Cal.4th at p. 770 [same]; see also *People v. Shipman*, *supra*, 62 Cal.2d at p. 232 ["in the absence of adequate factual allegations stating a prima facie case, counsel need not be appointed" to represent a petitioner in the trial court on petition for writ of error *coram nobis*].)

The Secretary's request for recall and resentencing pursuant to section 1170, subdivision (d)(1), in contrast, provides no statutory entitlement to relief to the inmate even when the court credits the postconviction facts identified in the Secretary's recommendation materials. (*McCallum*, *supra*, __ Cal.App.5th at pp. __ [pp. 12-14]; see § 1170, subd. (d)(1) [the court "may" recall the sentence and resentence].) As we recently explained in *McCallum*, at pages __ [pp. 14-16], the Secretary's recommendation letter is but an invitation to the court to exercise its equitable jurisdiction. (*Id.* at p. __ [p. 21].) It furnishes the court with the jurisdiction it would not otherwise possess to recall and resentence; it does not trigger a due process right to a hearing (*id.* at p. __[p. 16]), let alone any right to the recommended relief. (*Ibid.*)

Frazier also contends if, as we have held, a summary refusal to follow the Secretary's recommendation under section 1170, subdivision (d)(1), is appealable pursuant to section 1237, subdivision (b), as an order after judgment affecting substantial rights (see *McCallum, supra,* __ Cal.App.5th at p. __, fn. 7 [p. 11, fn 7]; cf. *People v. Loper* (2015) 60 Cal.4th 1155, 1158), it necessarily follows that the due process right to counsel attaches to protect those substantial rights in the trial court. (See generally *Avitia v. Superior Court* (2018) 6 Cal.5th 486, 494

["a right is substantial when denial of the right results in a denial of due process"].)

Frazier's argument sweeps too broadly. There simply is no constitutional right to counsel or a hearing in connection with every postjudgment request with the potential to affect a substantial right. An inmate seeking recall and resentencing under Proposition 36 (the Three Strikes Reform Act of 2012) (§ 1170.126),[5] for example, has a right to appeal from the summary denial of a petition for recall and resentencing following a finding the petitioner is ineligible for relief because that determination is an order after judgment affecting the petitioner's substantial rights (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 601), but there is no due process right to a hearing in connection with the trial court's eligibility determination. (*People v. Oehmigen* (2014) 232 Cal.App.4th 1, 7-8 [due process does not require a hearing on the defendant's eligibility for Proposition 36 relief]; *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1341 [same].) It is only after the petitioner's eligibility has been established and the statutory mandate for resentencing triggered (see § 1170.126, subd. (f) [if

_____

[5]     Under Proposition 36 an inmate who has been sentenced as a third strike offender for a nonserious, nonviolent felony may petition for resentencing as a second strike offender. (§ 1170.126, subds. (a), (b).) Upon receiving such a petition the trial court "shall determine whether the petitioner satisfies the criteria" identified in the statute. (§ 1170.126, subd. (f).) If the criteria are met, section 1170.126, subdivision (f), continues, "The petitioner shall be resentenced . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (Accord, *People v. Conley* (2016) 63 Cal.4th 646, 658.)

eligible, "the petitioner shall be resentenced . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety"]) that due process protections, including the right to a hearing, attach to the determination whether the defendant will be awarded the relief sought. (See *People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1297 [due process requires prosecution be given notice and opportunity to be heard on issue of Proposition 36 petitioner's unreasonable risk of dangerousness].)

Similarly misguided is Frazier's attempt to compare a petition filed by an inmate pursuant to section 1170.95, following the Legislature's amendments to the felony murder rule and the natural and probable consequences doctrine as it pertains to murder, with the Secretary's section 1170, subdivision (d)(1), recommendation. Again, unlike section 1170, subdivision (d)(1), section 1170.95 creates an affirmative right to relief—recall of sentence and resentencing—for eligible inmates convicted of certain murder offenses who could not be convicted under the amended statutes. (See § 1170.95, subd. (d)(3) [requiring hearing "to determine whether the petitioner is entitled to relief"].) Moreover, section 1170.95, subdivision (c), expressly authorizes appointment of counsel upon the court's finding the petitioner has made a prima facie showing that he or she is entitled to relief. (See *People v. Verdugo* (2020) 44 Cal.App.5th 320, review granted, Mar. 18, 2020, S260493; see also *People v. Cooper* (2020) 54 Cal.App.5th 106, 118-120 [disagreeing with *Verdugo* only as to when the legislatively mandated right to counsel attaches].)[6]

---

[6] The Supreme Court in *Verdugo*, *supra*, S260493 ordered briefing deferred pending its disposition of *People v. Lewis* (2020) 43 Cal.App.5th 1128, review granted March 18, 2020, S260598.

11

Section 1170, subdivision (d)(1), in contrast, contains no statutory mandate for appointment of counsel.

### 3. *The Record Does Not Demonstrate the Court Abused Its Discretion*

Frazier observes that, without appointing counsel and affording an inmate the opportunity to be heard, the court can summarily deny the request for recall and resentencing without explanation, leaving the court of appeal, as here, without a developed record and the ability to provide any meaningful review. That alone, she contends, is an abuse of discretion, for there is nothing in the record that suggests the denial of the Secretary's request was rationally related to lawful sentencing. (*Dix v. Superior Court, supra*, 53 Cal.3d at p. 456.)

However, nothing in section 1170, subdivision (d)(1), requires the court to state its reasoning when declining to exercise its discretion in response to the Secretary's recommendation. It is a fundamental tenet of appellate review that we presume on a silent record the court properly exercised its discretion. (See *People v. Fuhrman* (1997) 16 Cal.4th 930, 944; *People v. Lee* (2017) 16 Cal.App.5th 861, 867 ["if the record is silent" on the court's awareness of its discretionary authority in sentencing, we must presume the court understood the scope of its discretion and affirm]; *People v. Gutierrez* (2009) 174 Cal.App.4th 515, 527 ["in light of the presumption on a silent

---

The Court limited briefing and argument in *People v. Lewis* to the following issues: "(1) May superior courts consider the record of conviction in determining whether a defendant has made a prima facie showing of eligibility for relief under Penal Code section 1170.95? (2) When does the right to appointed counsel arise under Penal Code section 1170.95, subdivision (c)?"

record that the trial court is aware of the applicable law, including statutory discretion at sentencing, [the reviewing court] cannot presume error where the record does not establish on its face that the trial court misunderstood the scope of [its] discretion"].)

In affirming the court's order, we do not suggest the court's discretion to summarily decline to exercise its discretion under section 1170, subdivision (d)(1), is unfettered. As we recently held, an inmate may seek to present information to the court to supplement or enhance the material submitted by the Secretary. When that occurs, it is an abuse of discretion for the court to deny the Secretary's recommendation without permitting the inmate to do so. (*McCallum, supra,* __ Cal.App.5th at p. __ [p. 24].)

In addition, we need not, and do not, decide whether at some point prior to an actual resentencing hearing a due process right to counsel may attach under section 1170, subdivision (d)(1) —for example, if the court elects to conduct an evidentiary hearing to aid it in exercising its discretion whether to recall the sentence. We hold only that the filing of the Secretary's recommendation letter inviting the court to exercise its jurisdiction pursuant to section 1170, subdivision (d)(1), to recall a sentence, without more, does not trigger a due process right to counsel.

## DISPOSITION

The court's July 3, 2019 order declining to exercise its discretion for recall and resentencing under section 1170, subdivision (d)(1), is affirmed.


                              PERLUSS, P. J

We concur:


      SEGAL, J.              FEUER, J.